1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                      CENTRAL DISTRICT OF CALIFORNIA

8

9

10   JACK ROBERT SMITH,                    Case No. EDCV 19-407-JFW (KK)

11                      Plaintiff,

12                 v.                       ORDER DISMISSING COMPLAINT
                                            WITH LEAVE TO AMEND
13   EDDY PARK,

14                      Defendants.

15

16

17                                  **I.**

18                            **INTRODUCTION**

19          Plaintiff Jack Robert Smith ("Smith"), proceeding <u>pro se</u> and <u>in forma pauperis</u>,

20   filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a violation of

21   his Fourteenth Amendment rights.  For the reasons discussed below, the Court

22   dismisses the Complaint with leave to amend.

23                                  **II.**

24                      **ALLEGATIONS IN THE COMPLAINT**

25          On February 24, 2019, Smith, who is currently civilly committed at

26   Metropolitan State Hospital, constructively filed[1] a Complaint against defendant Eddy

27   _____

28   [1]    Under the "mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a
     pleading to mail to court, the court deems the pleading constructively "filed" on the
     date it is signed.  <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010); <u>see</u>

Park ("Park"), the Executive Director of Metropolitan State Hospital, in his individual capacity. ECF Docket No. ("Dkt.") 1. Smith alleges his "allowable property, which is: USB flash drives, DVD players, radio/CD player & he is not allowing purchase of new allowable items" is being "unlawfully" withheld. Id. at 8. Smith argues this unlawful withholding is a "deprivation of rights/discrimination" and a violation of his Fourteenth Amendment due process rights. Id.

Smith seeks compensatory and punitive damages in addition to an injunction "requiring immediate compliance with all department of state hospital – statewide – allowable property lists & that the new 2018-19 statewide allowable property list be posted in all the hospital bulletin boards at all times & that all staff & patients receive a copy." Dkt. 1 at 9.

# III.

# STANDARD OF REVIEW

Where a plaintiff is proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

---

Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to Section 1983 suits filed by pro se prisoners"); Jones v. Blanas, 393 F.3d 918, 926 (9th Cir. 2004) (holding civilly confined individuals are entitled to the "mailbox rule").

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the

plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

## A.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST PARK

### 1.    Applicable Law

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. And Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). Rather, "[a] supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.

### 2.    Analysis

Here, the sole defendant named is Park, the Executive Director of the Metropolitan State Hospital. Dkt. 1 at 6. While not entirely clear, it appears Smith claims Park is responsible for the alleged constitutional violations because he holds a supervisory position. Id. at 8. However, Smith has not alleged facts showing that Park personally violated Smith's constitutional rights through his individual actions. See Koch v. Ahlin, No. 1:18-CV-00546-LJO-GSA (PC), 2018 WL 6620344, at *2-3 (E.D. Cal. Dec. 18, 2018) (finding plaintiff failed to state a claim against the executive director of state hospitals solely based on his supervisory role in confiscating property). Hence, Smith fails to state a claim against Park.

**B. THE COMPLAINT FAILS TO STATE A CLAIM FOR DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT**

**1. Applicable Law**

The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a Section 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, the plaintiff must allege facts showing that the defendants acted with the intent to discriminate against him based on his membership in a protected class, see Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that he was treated differently from persons similarly situated, see City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). See also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998) ("[A] plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.").

**2. Analysis**

Here, Smith appears to allege "discrimination" as a cause of action, dkt. 1 at 8, but fails to allege any facts from which the Court could find he was discriminated against based on his membership in a protected class or treated differently from other persons similarly situated. Hence, Smith's Fourteenth Amendment discrimination claim is subject to dismissal.

**C. THE COMPLAINT FAILS TO STATE A CLAIM FOR DEPRIVATION OF PROPERTY IN VIOLATION OF THE FOURTEENTH AMENDMENT**

The Due Process Clause protects against the deprivation of liberty and property without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005). Civil detainees have a protected interest in personal property. Bell v. Wolfish, 441 U.S. 520, 554, 99 S. Ct. 1861, 1865, 60 L. Ed.

2d 447 (1979) (holding the Due Process Clause provides protection for convicted prisoners and pretrial detainees alike against the deprivation of their property without due process of law). However, a plaintiff has no due process claim based on an unauthorized deprivation of property by a state employee, whether intentional or negligent, if a meaningful state post-deprivation remedy for his loss is available. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984).

### 2. Analysis

Here, Smith alleges his property is being "unlawfully" withheld. Dkt. 1 at 8. Therefore, it appears he is alleging the taking of his property was unauthorized and intentional. However, California's tort claim process provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007). Accordingly, because Smith has an adequate post-deprivation remedy under California law, he fails to state a due process claim for the loss of his property. See Koch, 2018 WL 6620344, at *3-4 (finding plaintiff failed to state a claim under Section 1983 for the "illegal" taking of his personal property, "including but not limited to an X-box Playstation, Tablet, music CDs, X-box games, and headphones"). Hence, Smith's Fourteenth Amendment due process claim for deprivation and/or "unlawful withholding" of his property is subject to dismissal.

### V.

### LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim.

Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **<u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.</u>**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding**

complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2.  Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  March 12, 2019

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge

8