|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | UNITED STATES DISTRICT COURT | |
| 8 | CENTRAL DISTRICT OF CALIFORNIA | |
| 9 | | |

| | |
|---|---|
| JACK ROBERT SMITH, | Case No. EDCV 19-407-JFW (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| EDDY PARK, | |
| Defendants. | |

## I.
## **INTRODUCTION**

Plaintiff Jack Robert Smith ("Smith"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a violation of his Fourteenth Amendment rights. For the reasons discussed below, the Court dismisses the FAC with leave to amend.

## II.
## **BACKGROUND**

On February 24, 2019, Smith, who is currently civilly committed at Metropolitan State Hospital, constructively filed[1] a Complaint against defendant Eddy

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see

Park ("Park"), the Executive Director of Metropolitan State Hospital, in his individual capacity. ECF Docket No. ("Dkt.") 1. Smith alleged his "allowable property, which is: USB flash drives, DVD players, radio/CD player" is being "unlawfully" withheld and Park "is not allowing purchase of new allowable items". Id. at 8. Smith argued this unlawful withholding constituted a "deprivation or rights/discrimination" and a violation of his Fourteenth Amendment due process rights. Id.

On March 12, 2019, the Court dismissed the Complaint with leave to amend for failure to state a claim. Dkt. 6.

On March 26, 2019, Smith constructively filed the FAC against Park in his individual capacity. Dkt. 8. Smith again alleges Park is withholding his personal property in violation of Smith's Fourteenth Amendment rights in order to punish Smith. Id. at 5, 19. Smith seeks compensatory and punitive damages. Id. at 20.

## III.

## **STANDARD OF REVIEW**

Where a plaintiff is proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when

---

Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to Section 1983 suits filed by pro se prisoners"); Jones v. Blanas, 393 F.3d 918, 926 (9th Cir. 2004) (holding civilly confined individuals are entitled to the "mailbox rule").

2

evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith,

203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**A. THE FAC FAILS TO STATE A FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS CLAIM**

**1. Applicable Law**

The Fourteenth Amendment's due process clause protects against the deprivation of liberty and property without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005). Civil detainees have a protected interest in personal property. Bell v. Wolfish, 441 U.S. 520, 554, 99 S. Ct. 1861, 1865, 60 L. Ed. 2d 447 (1979) (holding the due process clause provides protection for convicted prisoners and pretrial detainees alike against the deprivation of their property without due process of law). However, a plaintiff has no due process claim based on an unauthorized deprivation of property by a state employee, whether intentional or negligent, if a meaningful state post-deprivation remedy for his loss is available. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984).

**2. Analysis**

Here, Smith once again alleges his property is being "unlawfully" withheld. Dkt. 8 at 5. However, California's tort claim process provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post

4

deprivation remedy."); see also Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007). Accordingly, because Smith has an adequate post-deprivation remedy under California law, he fails to state a due process claim for the loss of his property. See Koch v. Ahlin, No. 1:18-CV-00546-LJO-GSA (PC), 2018 WL 6620344, at *3-4 (E.D. Cal. Dec. 18, 2018) (finding plaintiff failed to state a claim under Section 1983 for the "illegal" taking of his personal property, "including but not limited to an X-box Playstation, Tablet, music CDs, X-box games, and headphones"). Hence, Smith's Fourteenth Amendment due process claim for deprivation and "unlawful withholding" of his property is subject to dismissal.

**B.    THE FAC FAILS TO STATE A FOURTEENTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM**

   **1.    Applicable Law**

The Fourteenth Amendment's due process clause also requires housing civilly committed persons "in conditions of reasonable care and safety [and] reasonably nonrestrictive confinement conditions[,]" including "adequate food, shelter, clothing, . . . medical care" and personal safety. Youngberg v. Romeo, 457 U.S. 307, 324, 102 S. Ct. 2452, 73 L.Ed.2d 28 (1982); Hydrick v. Hunter, 500 F.3d 978, 996 (9th Cir. 2007), cert. granted, judgment vacated on other grounds, 556 U.S. 1256, 129 S. Ct. 2431, 174 L. Ed. 2d 226 (2009). However, a civilly committed person may be subjected "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." Bell v. Wolfish, 441 U.S. 520, 536-37, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).

A government action constitutes punishment if "(1) the action causes the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action is to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004) (citing Wolfish, 441 U.S. at 538 ("A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.")). For a "'harm or disability' to be cognizable

5

under the constitution, it 'must either significantly exceed, or be independent of, the inherent discomforts of confinement.'" Endsley v. Luna, 750 F. Supp. 2d 1074, 1100 (C.D. Cal. 2010) (quoting Demery, 378 F.3d at 1030).

### 2. Analysis

Here, it appears Smith is attempting to characterize the withholding of his entertainment appliances, such as his DVD player, MP3 player, and Sony radio with CD and cassette player, as an unlawful condition of confinement solely intended to punish him. See dkt. 8. However, Smith's alleged harms do not "significantly exceed . . . the inherent discomforts of confinement." See Rhoden v. Carona, No. SACV 08-00420 JHN (SS), 2010 WL 4449711, at *1 (C.D. Cal. Aug. 24, 2010), aff'd 618 F. App'x 322 (9th Cir. 2015) (finding bans on entertainment like television and music are "normal incidents of jail life" and fail to rise to the level of punishment that would violate the Fourteenth Amendment); see also Endsley, 750 F. Supp. 2d 1074, 1100 (C.D. Cal. 2010) (For a "'harm or disability' to be cognizable under the constitution, it 'must either significantly exceed, or be independent of, the inherent discomforts of confinement.'"). Additionally, Smith fails to allege non-conclusory facts to infer the deprivation of property was intended to punish him. See Iqbal, 556 U.S. at 681 (finding conclusory allegations of intent are insufficient to "plausibly suggest . . . discriminatory state of mind"). Hence, Smith's Fourteenth Amendment conditions of confinement claim is subject to dismissal.

## V.

## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual

6

matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his Second Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the FAC, Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding**

**complaint is waived if it is not raised again in the Second Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: April 02, 2019

*[signature]*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge